**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE MATHENY SCHOOL AND HOSPITAL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-6802 (MAS) (TJB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| BOROUGH OF PEAPACK AND GLADSTONE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge**

Defendants Borough of Peapack and Gladstone and the Land Use Board of the Borough of Peapack and Gladstone (collectively, "Defendants") move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff Matheny School and Hospital, Inc. ("Matheny") filed opposition to the motion (ECF No. 10), and Defendants replied (ECF No. 11). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

For the reasons set forth below, Defendants' motion is granted to the extent it seeks dismissal of Matheny's prayer for punitive damages. In all other respects, the motion is denied. Defendants may, however, renew their assertions regarding collateral estoppel and the entire controversy doctrine in the form of a summary judgment motion.

I.      **Background**

Matheny is a New Jersey non-profit corporation that operates a residential facility, school and hospital for individuals with developmental disabilities. (Compl. ¶ 9.) Its 82-acre campus is situated on rural Highland Avenue in the Borough of Peapack and Gladstone (the "Borough"). (Compl. ¶ 8.)

In May 2008, Matheny applied to the Borough's Land Use Board (the "Board") for approval of a plan to significantly expand its existing facilities. The plan called for the construction of a 49,000 square foot building that would house 38 hospital beds, new classrooms, an indoor therapeutic pool and an "adaptive gymnasium." (Compl. ¶ 31.) The plan also called for 88 additional parking spaces. (*Id.*)

An objection from one of Matheny's neighbors prompted the Board to conduct an in-depth review of the plan and its forecasted effect on Highland Avenue traffic conditions. (Compl. ¶¶ 32-61.) The lengthy proceedings culminated in a December 15, 2011 Variance Resolution denying Matheny's application because "Matheny's traffic projections were not credible, the traffic control conditions were unworkable and unenforceable, and the proposed additional functional capacity . . . 'will be impossible to control or limit.'" (Compl. ¶¶ 62-63.)

In February 2012, Matheny appealed to the New Jersey Superior Court, arguing that the Board's decision was arbitrary and capricious or, alternatively, that it violated New Jersey's Law Against Discrimination and the federal Fair Housing Act. (Compl. ¶ 66.) After severing Matheny's prayer for relief in lieu of a prerogative writ from its statutory discrimination claims, the Superior Court ruled on August 27, 2013 that the Variance Resolution was not arbitrary or capricious. (Compl. ¶¶ 67-68.)

Matheny commenced this action in November 2013. Its Complaint repeats the Fair Housing Act claims, which remained pending before the Superior Court at that time, and also alleges equal protection claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act.

In June 2014, after the instant motion had been fully briefed, the Superior Court granted Defendants' motion for summary judgment on Matheny's Fair Housing Act claims. (Ltr., ECF No. 13.) Matheny subsequently withdrew its Fair Housing Act claims in this matter. (ECF Nos. 12 & 15.)

## II.    Standard of Review

Defendants' challenge to this Court's jurisdiction arises under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion filed before the movant has answered constitutes a "facial challenge" to subject matter jurisdiction. *Kalick v. United States*, No. 13-6456, --- F. Supp. 2d ---, 2014 WL 3778692, at *3 (D.N.J. July 30, 2014) (citing *Cardio–Med. Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)). Accordingly, this Court's inquiry asks "only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994).

The remainder of Defendants' motion is subject to the three-step Rule 12(b)(6) analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the pleading in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the facts alleged make out a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "As a general matter, a district court ruling

3

on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The court may, however, consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.   Analysis

As set forth below, the Court rejects Defendants' jurisdictional challenge and their assertion of various abstention doctrines, but agrees that Matheny is barred from obtaining punitive damages. The Court also concludes that Defendants' arguments regarding collateral estoppel and the entire controversy doctrine are properly considered in the context of a motion for summary judgment.

### A.   The *Rooker-Feldman* Doctrine is Inapplicable

Defendants invoke the *Rooker-Feldman* doctrine, arguing that the parallel state-court proceedings deprive this Court of jurisdiction over Matheny's claims. The Court finds this argument to be without merit. *Rooker-Feldman* applies to "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments.'" *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (emphasis supplied). Here, the only Superior Court judgment that predates this action is the August 7, 2013 Opinion and Order denying Methany's prayer for relief in lieu of a prerogative writ. The Superior Court's decision did not address the equal protection claims pending before this Court. Nor would adjudication of those claims necessarily "require [this C]ourt to determine that the state court was wrong." *See Parkview*

4

*Assoc. P'ship v. Lebanon*, 225 F.3d 321, 326 (3d Cir. 2000). Accordingly, the *Rooker-Feldman* doctrine is inapplicable to this case.

### B.      Abstention is Inappropriate

Defendants also urge the Court to dismiss or stay this matter pursuant to a trio of abstention doctrines. The first, derived from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), is inapplicable because the Superior Court proceeding here is not a "(1) state criminal prosecution[], (2) state civil enforcement proceeding[], [or] (3) state civil proceeding[] involving orders in furtherance of the [court's] judicial function." *Acra Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013)).

The second doctrine, announced in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), permits abstention to avoid federal interference in "difficult questions of state law or . . . complex state policies." *Matusow v. Trans-Cnty. Title Agency*, 545 F.3d 241, 248 (3d Cir. 2008). Defendants have not identified any such law or policy in this case. Moreover, Matheny's constitutional claims transcend "purely local" issues related to land use. *Disability Rights N.J., Inc. v. Velez*, No. 10-3950, 2011 WL 2976849, at *20 (D.N.J. July 20, 2011) ("'claims of federal constitutional violation represent the exact sort of disputes over citizens rights with which the federal courts were created to deal'") (quoting *Hanna v. Toner*, 630 F.2d 442, 446 (6th Cir. 1980)).

Finally, Defendants fail to establish grounds for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Colorado River* applies where federal and state proceedings involve "substantially identical claims, raising nearly identical allegations and issues." *Yang v. Tsui*, 416 F.3d 199, 205 n.5 (3d Cir. 2005) (internal quotation marks omitted). In this case, there is no indication that Matheny raised an equal protection claim before the Superior

Court. As such, the Court must discharge its "virtually unflagging obligation" to adjudicate Matheny's constitutional claims. *Colorado River*, 424 U.S. at 817.

C.    **Matheny Cannot Recover Punitive Damages**

Defendants assert that Matheny is barred as a matter of law from receiving punitive damages in this suit. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that local government entities are immune from punitive damages under Section 1983); *Vandegrift v. Bowen*, No. 07–2623, 2009 WL 1913412, at *6 (D.N.J. June 30, 2009) (concluding that the New Jersey Civil Rights Act does not authorize municipal liability for punitive damages). Although Matheny acknowledges the general rule of municipal immunity from punitive damages, it argues that dismissal would be premature. In support of its position, Matheny cites the Supreme Court's dictum that it is "perhaps possible to imagine an extreme situation where the taxpayers are directly responsible for perpetrating an outrageous abuse of constitutional rights." *Fact Concerts*, 453 U.S. at 267 n.29.

Even if an exception to the general rule of municipal immunity exists, nothing in Matheny's Complaint suggests this is an exceptional case. *Cf. Ciraolo v. City of N.Y.*, 216 F.3d 236, 241 (2d Cir. 2000) (hypothesizing that punitive damages may be available if "a town adopted, by a unanimous vote, a referendum establishing an unconstitutional rule"). At most, this case involves the "common situation in which an unconstitutional policy has been adopted by municipal officials without any clear endorsement of the policy by the electorate." *Id.* Accordingly, Defendants' motion is granted with respect to Matheny's prayer for punitive damages.

D.    **The Remaining Issues are Properly Considered on Summary Judgment**

Defendants' assertion of the collateral estoppel and entire controversy doctrines is premature inasmuch as the Superior Court proceedings remained pending when Matheny

commenced this action. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (observing that the entire controversy doctrine "does not require dismissal when multiple actions . . . are pending simultaneously") (internal quotation marks and citation omitted); *Peduto v. North Wildwood*, 696 F. Supp. 1004, 1011 (D.N.J. 1988) (listing a "valid and final" prior judgment among the prerequisites to a collateral estoppel defense). The Superior Court's June 2014 decision, which appears to have concluded the state court proceedings, is well outside the four corners of Matheny's Complaint. Accordingly, the Court will deny the motion to dismiss based on collateral estoppel and entire controversy doctrines, but grant Defendants leave to renew their contentions in a motion for summary judgment. *See Rycoline Prods.*, 109 F.3d at 886 (where the complaint alone was insufficient to assess applicability of the entire controversy doctrine, the district court "could have denied the motion without prejudice to renew in the form of a [summary judgment] motion").

## IV.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted with respect to Matheny's prayer for punitive damages, and denied in all other respects. Defendants may renew their arguments related to collateral estoppel and the entire controversy doctrine in a motion for summary judgment. An appropriate order follows.

_____
Michael A. Shipp
United States District Judge

Dated: August 25, 2014